**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RICARDO A. BUELNA,

        Petitioner,                      Case Number: 2:11-CV-15059

v.                                         HONORABLE NANCY G. EDMUNDS

WARDEN WALTON,

        Respondent.
                                     /

**OPINION AND ORDER SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Ricardo Buelna is a federal prisoner currently incarcerated at the Federal Correctional Institution in Milan, Michigan. He has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that he was improperly dismissed from his prison job based upon an outdated order of deportation. For the reasons that follow, the petition will be dismissed.

I.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases.[1] If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

---

[1] The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions filed under § 2241. See Rule 1(b), Rules Governing Section 2254 Cases.

II.

Petitioner states that he was employed by UNICOR, Inc.,[2] from February 5, 2009, until his employment was terminated on September 30, 2009, because of a current deportation order. Federal Bureau of Prisons Program Statement 8120.02 precludes work assignments for an inmate who is "currently under an order of deportation, exclusion, or removal." Petitioner disputes that he is subject to a current deportation order and argues that he has been denied his constitutional right to work for UNICOR.

The petition fails to raise a claim cognizable on federal habeas review. "[T]he essence of a habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas relief is available to a federal prisoner to challenge the execution of his sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Here, the petitioner is not challenging the fact or duration of his confinement, nor is he challenging the execution of his sentence. Rather, he is challenging the loss of a prison job.

In addition, prisoners have no constitutionally protected property interest or liberty interest in prison employment. *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989). Specifically, "federal officials have broad discretion in denying federal inmates the opportunity to participate in UNICOR, and a federal prisoner's participation in UNICOR does not confer a liberty interest sufficient to trigger a constitutional due process protection." *Easterling v.*

---

[2] The Federal Bureau of Prisons' website describes UNICOR (also known as Federal Prison Industries) as a Government-established corporation with the mission of employing and providing job skills training to federal inmates, keeping inmates constructively occupied, and producing market-priced quality goods and services for sale to the Federal Government. *See* http://www.bop.gov/inmate_programs/unicor.jsp (last accessed March 22, 2010).

*Hickey*, No. 10-cv-426-JB, 2011 WL 6934534, *2 (E.D. Ky. Dec. 30, 2011). *Accord Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009) (a federal prisoner has no protected property or liberty interest in a UNICOR job assignment); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49-50 (5th Cir. 1995) (holding that prisoners have no constitutionally protected liberty or property interests in their prison job assignments); *James v. Quinlan*, 866 F.2d 627, 629 (3d Cir. 1989) (inmates do not possess a liberty interest in prison-job assignments); *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982) (same); *Williams v. Eichenlaub,* No. 2:08-cv-12679, 2010 WL 1139333, *2 (E.D. Mich. March 24, 2010) (same). Further, a prisoner may not seek reinstatement to a UNICOR job assignment by filing a federal habeas petition. *Watson v. Rios*, No. 07-cv-149, 2007 WL 2792179, *5 (E.D. Ky. Sept. 21, 2007). *See also Santos v. Ebbert*, No. 3:10-1746, 2010 WL 501894, *2 (M.D. Pa. Dec. 3, 2010)(holding that a challenge to a prison job assignment is not properly filed under § 2241). Thus, Petitioner fails to state a claim upon which relief may be granted.

### III.

A state prisoner who seeks habeas corpus relief under § 2241 must obtain a certificate of appealability (COA) before filing an appeal. *Greene v. Tenn. Dept. of Corr.,* 265 F.3d 369, 372 (6th Cir. 2001). Rule 11 of the Rules Governing Section 2254 Cases requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).  In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not state a claim upon which habeas relief may be granted.  The Court therefore denies a certificate of appealability.

IV.

For the reasons stated, the Court concludes that Petitioner is not entitled to habeas relief on the claim contained in his petition.

Accordingly, it is hereby ORDERED that the petition for writ of habeas corpus and a certificate of appealability are DENIED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  January 31, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager